People, &c., of New York agt. Excelsior Gas-light Company.

# SUPREME COURT.

## The People, &c., of New York agt. The Excelsior Gaslight Company.

*Code of Civil Procedure, section 1785 — When and by whom action to dissolve a corporation may be brought — Pleadings — Complaint — Answer — Sufficiency of allegation of insolvency.*

In an action to dissolve a corporation brought under the provisions of section 1785 of the Code of Civil Procedure, is not material whether the defendant is a manufacturing, &c., corporation or not, as the section refers to all corporations created by or under the laws of the state.

When the dissolution is claimed by reason of the insolvency of the corporation and the complaint, in addition to an allegation that the defendant has been unable to meet its obligations, and that it has failed to pay a certain judgment, which the answer alleges has been paid, it alleges that the said defendant has not a dollar in its treasury, and is insolvent and has been for at least a year past, the answer not denying this allegation, but alleging payment of the judgment and averring that the said company has no liability to creditors by way of judgments unsatisfied;

*Held,* that, on the pleadings the plaintiff is entitled to judgment.

Insolvency means a general inability to answer in the course of business the liability existing and capable of being enforced. A corporation, like an individual, is insolvent when it is not able to pay its debts. It may be insolvent although no judgments have been recovered against it.

*Special Term, January,* 1886.

Lawrence, *J.* — This action is brought by the attorney-general to procure a dissolution of the defendant, *The Excelsior Gas-light Company,* and to have a receiver of its property, &c., appointed under the provision of article 3 of chapter 15 of the Code of Civil Procedure, sections 1785, 1786, *et seq.*

Two causes of action are stated in the complaint, the first being that the defendant has suspended its ordinary and lawful business for at least one year (*see sec.* 1785, *sub.* 3), and, the second, that said corporation has remained insolvent for at least one year.

Vol. III.       18

The answer, as to the first cause of action is, that the corporation is not authorized to manufacture illuminating gas, not being organized under the act to authorize the formation of gas-light companies, and that it has always been ready, excepting when stayed by injunction, to transact the business for which it was created, and that, except when so prevented, it has always transacted its lawful and ordinary business.

As to the second cause of action, it is alleged that a judgment referred to in the complaint was paid by contributions from several stockholders, to be repaid by sales of stock, and that the said company has no liabilities to creditors by way of judgments unsatisfied. It is also submitted in the answer that the defendant is not liable to be proceeded against as a corporation of manufacturing, mining, mechanical or chemical purposes.

Under section 1785, it is not material whether the defendant is a manufacturing, &c., corporation or not, inasmuch as the provisions of the article of the Code containing that section refer to all corporations created by or under the laws of this state.

The first subdivision of section 1785 expressly authorizes a judgment dissolving the corporation, where it has remained insolvent for at least one year.

In the complaint, in addition to the allegation that the defendant has been unable to meet its obligations, and has failed to pay the judgment which the answer alleges has been paid, it is alleged that the said defendant has not a dollar in its treasury, and is insolvent and has been so for at least a year past. The answer does not deny this allegation. It alleges payment of the judgment, and avers that the said company has no liability to creditors by way of judgments unsatisfied. A corporation may be insolvent against which no judgments have been recovered (see *Ferry* agt. *Bank of Central New York*, 15 *How.*, 341).

A corporation, like an individual, is insolvent when it is not able to pay its debts. Insolvency means a general inability to

answer, in the course of business, the liability existing and capable of being enforced (*Brouwer* agt. *Harbeck*, 9 *N. Y.*, 594; *Marsh* agt. *Dunckel*, 25 *Hun*, 167).

As there is, therefore, no denial of the general allegation of insolvency contained in the third paragraph of the second cause of action, that allegation must be deemed to be admitted, and it follows that the plaintiffs are entitled to judgment upon the pleadings.

I will, however, give leave to the defendant to amend its answer upon payment of the costs of the action.